THE PEOPLE OF THE STATE OF NEW YORK ex rel. MATTHEW TUCK v. STEPHEN B. FRENCH and Others, Constituting the Board of Police of the City of New York.

*Right of a member of the New York police force to apply to be placed on the pension-roll — consolidation act, sec. 307, as amended by section 2 of chapter 364 of 1885 — he remains a member of the force until relieved by a vote of the board.*

Under the provisions of section 307 of the consolidation act, as amended by section 2 of chapter 364 of 1885, directing that any member of the police force who has or shall have performed duty therein for a period of twenty years or upwards, upon his own application shall, by resolution adopted by a majority

vote of the full board, be relieved and dismissed from said force and service and placed on the roll of the police pension fund, the board has a reasonable time in which to determine whether the applicant is entitled to a pension, and the amount thereof; and until this has been done he remains a member of the force as much as he ever was, and is subject to the rules and regulations governing that force.

Where a member of the force, who has served such a time and under such circumstances as entitles him to be relieved and dismissed from the force and placed on the pension-roll, elects to continue in the service and thereafter commits a breach of discipline which justifies his dismissal, he cannot escape the effect of such breach, by simply filing his application to be retired, after he has been suspended and notified that charges have been made against him.

APPEAL from an order denying the relator's motion for a peremptory writ of *mandamus*, and dismissing the alternative writ.

*Samuel Untermeyer*, for the relator.

*David J. Dean*, for the respondents.

VAN BRUNT, P. J.:

On November 8, 1865, the relator, who is now fifty-six years of age, became a member of the police force, and continued to be a member of the force until October, 1886, nearly twenty-one years. On the 2d of October, 1886, the relator had been guilty of conduct unbecoming an officer, in that he had divested himself of his uniform and put on citizens' clothing during his tour of duty, and had absented himself from his precinct without permission; he went to Mount Morris Park, and was there arrested by officers of the Park Department for disorderly conduct. On the next day, the third of October, he was suspended from duty by his captain, and informed that charges had been preferred against him, and his suspension entered on the blotter of his precinct. On the 4th of October, 1886, the relator filed an application in due form, with the board of police, asking to be retired from the force and to be placed on the pension roll, in pursuance of section 18, chapter 410 of the Laws of 1882 as amended. On the same day written notice was given to the relator that charges had been preferred against him, and a copy of the charges and specifications were served upon him, and he was notified that a public examination in relation to such charges would be made on the sixth of October. On the day fixed for the trial before the commissioners, the relator appeared with

counsel, and, before any testimony was taken in support of the charges, objected to the jurisdiction of the board to try him, and demanded that the board then assemble and pass upon the application which had been filed by him for a pension. This application was refused, and testimony was thereupon introduced in support of the charges. The examination was adjourned, and upon the adjourned day the relator made the same demand, which, being refused, the relator left the court room and the trial was proceeded with in his absence, resulting in a decision that the relator was guilty of the charge preferred against him. At the time that the alternative writ of *mandamus* was served, the trial was still in progress and the board refused to comply with the writ, and proceeded with the trial, and on the eighth of October dismissed the relator from the police department. Upon the return of the alternative writ of *mandamus*, the motion was denied and the writ dismissed, and from the order thereupon entered this appeal is taken.

The relator claims that, from the moment that he filed his application for a pension, he was no longer a member of the police force, nor was he any longer subject to the jurisdiction of the police commissioners, and that the only action which they could take was to pass upon his application for a pension, and that, as they had no discretion in reference to that matter, they were bound to pension him and could not discipline him for any act which had been done prior to the filing of his application. The provision upon which the relator relies is to be found in section 2 of chapter 364 of the Laws of 1885 (p. 613), amending section 307 of the consolidation act (chapter 410 of the Laws of 1882) so as to read as follows: "Any member of the police force who has, or shall have performed duty therein for a period of twenty years or upward, upon his own application in writing * * * shall, by resolution adopted by a majority vote of the full board, be relieved and dismissed from said force and service and placed on the roll of the police pension fund, and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of a sum not less than one-half the full salary or compensation of such member so retired. * * * Pensions granted under this section shall be for the natural life of the petitioner, and shall not be revoked, repealed or diminished."

It is to be observed that the placing of the relator upon the pension-roll requires action upon the part of the police board. The board had to determine the question as to whether he was entitled to a pension under the law, and also the amount of the pension. They had a reasonable time in which to determine these questions, and after that reasonable time had elapsed, if the relator was under the law entitled to a pension, they were bound to pass the resolution, relieving and dismissing him from the force and service. But until that was done he was a member of the police force as much as he had ever been, and subject to the rules and regulations governing that force. The relator, after he had served such time and under such circumstances as entitled him to be relieved and dismissed from the force for his services and placed on the pension roll, had the option to make the application and be relieved and dismissed or continued as a member of the force. In the case at bar the relator elected to continue a member of the force, and while a member of the force he committed a breach of discipline which justified his dismissal. It cannot be that he can escape the effect of such breach of discipline by simply filing his application for a pension. As long as he elected to remain a member of the force he was amenable to the discipline of the board for dereliction of duty, and the board had the right to inflict the punishment provided for by law for such dereliction until he was removed from his membership in the force by a resolution duly passed by the board.

As has been observed by the opinion of the learned justice who heard the motion in the court below, it cannot be that a man accused and convicted of the gravest crime known to the law, committed while a member of the police force, is entitled to a pension, irrespective of any discipline or supervision of the board, merely because he has served for twenty years on the police force and has filed his application before the board has had an opportunity to act upon the charges made against him. In view of the fact that it was optional with the person entitled to a pension to apply after he had become entitled thereto, it certainly was not the intention of the legislature to relieve him from the rights of discipline which the board had over the members of the force. The construction contended for would virtually place every member of the police

force who had served the requisite time to entitle him to a pension beyond all discipline, for all that would be necessary for such an officer to do in order to escape after having committed the most gross breach of discipline would be to file his application for a pension.

For these reasons, as well as those contained in the opinion of the learned judge who heard the motion below. the order should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred in the result.

Order affirmed, with costs.